**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Monica Murphy, Employee, Appellant,

v.

Halocarbon Products Corporation, Employer, and Commerce & Industry Insurance Company c/o AIG Claims, Inc., Carrier, Respondents.

Appellate Case No. 2018-001526

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2021-UP-190
Heard March 4, 2021 – Filed June 2, 2021

———————

**REVERSED AND REMANDED**

———————

Frederick Ivey Hall, III, of The Rick Hall Law Firm, LLC, of Lexington, for Appellant.

James H. Lichty, of Columbia, and Helen F. Hiser, of Mount Pleasant, both of McAngus Goudelock & Courie, LLC, for Respondents.

———————

**PER CURIAM:** In this workers' compensation case, Monica Murphy (Claimant) argues the South Carolina Workers' Compensation Commission Appellate Panel (Appellate Panel) erred in affirming the single commissioner's (Commissioner)

order finding she was not entitled to workers' compensation benefits. Specifically, Claimant asserts the Appellate Panel erred in affirming the Commissioner's decision to exclude from evidence a written report she introduced to rebut her employer's experts. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Halocarbon Products Corporation (Employer) is a chemical manufacturing company that produces intermediate fluorinated chemicals and anesthetics. Many of its products contain hydrofluoric acid (HF). On August 11, 2015, Claimant worked for Employer and was briefly exposed to HF vapors. Claimant complained of symptoms associated with HF exposure for several days afterward and sought medical attention on five different occasions, all within ten days of her exposure. On Claimant's final two visits to the hospital, she was diagnosed with atrioventricular (AV) heart block and required a pacemaker implant.

On September 25, 2015, Claimant filed a Form 50, requesting a final hearing and alleging cardiac, pulmonary, orthopedic, and neurological injuries as well as loss of taste and smell. Both Claimant and Employer timely filed Form 58 pre-hearing briefs and the final hearing was set for March 7, 2017. However, Claimant's counsel filed a motion requesting a postponement several hours before the hearing because of a family emergency. The Commissioner granted the continuance by telephone and rescheduled the hearing for April 27, 2017. Subsequently, Claimant deposed one of Employer's experts and solicited and prepared a written expert report by Dr. Philip Edelman to rebut Employer's expert. Claimant then filed a new Form 58 fifteen days before the rescheduled hearing that named Dr. Edelman as a witness and included his written report. Employer objected to the admission of Dr. Edelman's report at the final hearing because Claimant included the report in her new Form 58 after the original hearing date.

The Commissioner ultimately excluded Dr. Edelman's report in the final order, stating she granted Claimant's counsel's continuance "specifically for the sole purpose of accommodating his need to be with his ill mother. . . . [T]he continuance was not granted in order for Claimant to obtain more evidence to prove/substantiate her case and to counter Defendants' evidence . . . ." Claimant subsequently appealed the Commissioner's decision, and the Appellate Panel affirmed the Commissioner's findings. This appeal followed.

## LAW/ANALYSIS

1. We find the Appellate Panel erred in affirming the Commissioner's decision to exclude Dr. Edelman's written report. *See Bass v. Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission."); S.C. Code Ann. § 1-23-380(5)(d) (2005 & Supp. 2020) ("[An appellate court] may reverse . . . [the Appellate Panel's] decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are[] . . . affected by [an] error of law."). Claimant asserts the Appellate Panel erred in finding Dr. Edelman's report was not timely identified and provided to Employer. Under regulation 67-613(B)(1) of the South Carolina Code of Regulations (Supp. 2020), a Claimant may seek a postponement of a final hearing for good cause, including illness or a need to conduct new discovery. In his motion for a postponement filed the morning of the original final hearing date, Claimant's counsel stated his mother was in the hospital, and he needed additional time to conduct discovery.

During a telephone conference, the Commissioner granted the postponement. However, the Commissioner's reasoning for granting the postponement was not disclosed until she filed the final order. Nothing in the record establishes the Commissioner expressly prohibited Claimant from conducting new discovery after the original hearing date when she granted the continuance. Also, regulation 67-613 does not prohibit parties from conducting new discovery if a postponement is granted for good cause. *See* Reg. 67-613(B)(1) ("A Commissioner may postpone a hearing for good cause. . . . Good cause includes but is not limited to: (a) [t]he attorney is actually engaged in another court; (b) [i]llness; (c) [a]dditional discovery is necessary; (d) [a] conflict of interest exists requiring another Commissioner hear the case; (e) [i]t is premature to hear the case."). Because no regulation or evidence in the record prohibited Claimant from conducting additional discovery after the original final hearing date, we find Claimant was not precluded from conducting and submitting additional evidence to rebut Employer's experts at the final hearing.

Additionally, a moving party must provide a written expert's report to the opposing party "at least fifteen days before the scheduled hearing" for the report to be admitted as evidence. Reg. 67-612(B)(1) (2012). Reports submitted properly under regulation 67-612 (B)(1) "*shall* be submitted as an APA exhibit at the hearing." Reg. 67-612(D) (emphasis added). After granting the continuance, the Commissioner rescheduled the final hearing for April 27, 2017. Claimant filed a new Form 58 on April 12, 2017—fifteen days before the rescheduled hearing—naming Dr. Edelman as a witness and providing his written report to Employer.

Because Claimant complied with regulation 67-612 and timely provided the report to Employer, the Commissioner erred in excluding the report, and the exclusion of the report prejudiced Claimant's right to have all timely submitted medical evidence reviewed by the Commissioner.  *See* S.C. Code Ann. § 1-23-380(5)(d) ("[An appellate court] may reverse . . . [the Appellate Panel's] decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are[] . . . affected by [an] error of law.").  Accordingly, we reverse the Appellate Panel on this issue and remand.

2. Claimant further asserts the Appellate Panel erred in affirming the Commissioner's finding that she failed to establish a compensable injury from her HF exposure.  Because we reverse and remand on the preceding issue, we decline to address this issue.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**CONCLUSION**

Based on the foregoing, the Appellate Panel's order is

**REVERSED AND REMANDED.**

**WILLIAMS, THOMAS, and HILL, JJ., concur.**